December, 1821.        John Anderson *against* Hanse M. Cunningham.

1, On motion v.  JUDGE *Saffold* delivered the opinion· of the Court.
sheriff for failing  A fi. fa. issued from the Circuit Court of *Lawrence* in fa-
to return execu-  vour of *John Anderson* against *William Pettus*, for $300 Da-
tion, parol evi-  mages, $22$\frac{15}{100}$ costs of the Judgment at law, and $22$\frac{17}{100}$
dence admissible
to shew failure.  stated to be the costs recovered on· the *Dissolution of an·*
2, Indorsement  *Injunction* to the judgment at law. It was duly delivered to
not responsive to
mandate no re-  *Cunningham* the sheriff, and was returned to the Clerk's of-
turn.  fice, indorsed " *No money made.*" Anderson made a motion
3, On such motion
sheriff cannot ob-  before the Circuit Court for judgment against the sheriff, for
ject to execution  the amount as set forth in the execution, which was over-
as irregular.  ruled, and he prosecutes his writ of Error to this Court.

By the Bill of Exceptions, it appears, that on· the trial
·Anderson offered to prove by the Clerk, that he searched his
office for the execution on the first day of the term at which
it was returnable, and found that it had not been returned.
On the third day, the deputy sheriff found it in the office,
but the Clerk knew not how· or when it came there. The
Circuit Court rejected this evidence, on the ground that it·
contradicted the written return of the sheriff; and on his mo-
tion, quashed the execution, and discharged the rule against
him.

In considering the points involved in the assignments of
Error, it is the unanimous opinion of the Court, is

1st, That the parol evidence was admissible, to shew that
the writ had not been returned. It did not contradict the·

indorsement, and was material, going to prove the time when the execution was delivered into the Clerk's office; a fact not stated in the indorsement.

2d, That the indorsement on the execution does not comply with its mandate, or the requisitions of the law. The Act of 1819, directing when the execution should be returned, does not repeal the Act of 1807, prescribing the form of the return.(*a*) The Sheriff must obey the directions of both. The indorsement in this case, contains neither the form or substance required by law, and is no return.

3d, If the execution issued from competent authority, and was duly authenticated, it was not for the Sheriff, in defence of the rule, to say that the execution was irregular, or to know whether it was founded on a proper judgment or not. Its mandate was imperative, and he was bound to obey it. In no conceivable case should an execution be quashed on the motion of the Sheriff, to whom it had been delivered to be executed.

The judgment of the Circuit Court must be reversed, and judgment rendered here against the Sheriff, for the sums expressed in the execution (except the amount of costs on the dissolution of the injunction) (*b*) and for the costs here, and in the Circuit Court.

Judge *Ellis* having presided on the trial in the Circuit Court, did not sit.

*Margin notes:*
DECEMBER, 1821.
John Anderson
v.
Hanse M. Cunningham.

(*a*) *Laws of Ala.* p. 292, 316.

(*b*) Quere as to this exception.